

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

Cr 05-75

970 Broad Street, Suite 700      973/645-2700
Newark, NJ 07102

rah/COOP.PLG
2003R00160

June 8, 2004

Arthur J. Abrams, Esq.
Abrams & Wolfsy
255 Newark Avenue
Jersey City, New Jersey 07302

      Re:  <u>Plea Agreement with Nicholas Infantino</u>

Dear Mr. Abrams:

      This letter sets forth the full and complete agreement between your client, Nicholas Infantino, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Nicholas Infantino to a two-count Information that charges him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, and with tax evasion, in violation of 26 U.S.C. § 7201. If Nicholas Infantino enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Nicholas Infantino for (1) conspiring with others to use false information to fraudulently obtain mortgage loans for the purchase of real property located in Bergen County, New Jersey, from in or about 2002 to in or about 2003; and (2) failing to report taxable income received from this scheme to the Internal Revenue Service. The scope of the protection offered in the preceding sentence is further limited to the criminal activity that Nicholas Infantino has revealed to this Office as of the date of this agreement. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Nicholas Infantino may be commenced against him, notwithstanding the expiration of the limitations period after Nicholas Infantino

signs the agreement. Nicholas Infantino agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Nicholas Infantino signs the agreement.

Cooperation

Nicholas Infantino shall cooperate fully with this Office. As part of that obligation, Nicholas Infantino shall truthfully disclose all information concerning all matters about which this Office and other Government agencies designated by this Office may inquire and shall not commit or attempt to commit any additional crimes. Nicholas Infantino also agrees to be available at all reasonable times requested by representatives of the Government and shall truthfully testify in all proceedings, including grand jury and trial proceedings, as to any subject about which he is questioned. Furthermore, Nicholas Infantino agrees to provide to this Office, upon request, all documents and other materials relating to matters about which this Office inquires. Full cooperation includes participating, if requested, in affirmative investigative techniques, such as making telephone calls, tape recording conversations, and introducing law enforcement officials to other individuals. All such activity by Nicholas Infantino must be conducted only at the express direction and under the supervision of this Office and federal law enforcement personnel. If as part of this obligation to cooperate, Nicholas Infantino provides self-incriminating statements, the statements shall be subject to the protections, terms, and conditions set forth in U.S.S.G. § 1B1.8 (a) & (b). Nothing, however, shall prevent the use of such statements in a prosecution for false statements, perjury, or obstruction of justice or prevent the derivative use of such statements.

The determination whether Nicholas Infantino has fully complied with this agreement and provided substantial assistance to the Government rests solely in the discretion of this Office. If this Office determines in its sole discretion that Nicholas Infantino has fully complied with this agreement and has provided substantial assistance in the investigation or prosecution of one or more persons who have committed offenses, this Office will move the sentencing judge, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range. Whether the sentencing judge does in fact impose a sentence below the otherwise applicable guideline range is a matter committed solely to the discretion of the sentencing judge. Nicholas Infantino may not withdraw his plea if this Office determines that Nicholas Infantino has not rendered substantial assistance or has not fully complied with the terms of this agreement, or if the Court refuses to grant in whole or

in part the Government's motion for a downward departure.

Should Nicholas Infantino withdraw from this agreement, or commit or attempt to commit any additional federal, state, or local crimes, or intentionally give materially false, incomplete, or misleading testimony or information, or otherwise violate any provision of this agreement, this Office will be released from its obligations under this agreement, including any obligation to file a motion under U.S.S.G. § 5K1.1, but Nicholas Infantino may not withdraw the guilty plea entered into pursuant to this agreement.  In addition, Nicholas Infantino shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including, but not limited to, perjury and obstruction of justice.  Any such prosecution may be premised upon any information provided, or statements made, by Nicholas Infantino, and all such information, statements, and leads therefrom may be used against Nicholas Infantino.  Any such prosecution that is not time-barred by the applicable statute of limitations on the date this agreement is signed by Nicholas Infantino may be commenced, notwithstanding the expiration of the limitations period after Nicholas Infantino signs the agreement. Nicholas Infantino agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Nicholas Infantino signs the agreement.  With respect to any prosecution referred to in this agreement, Nicholas Infantino further waives any right to claim that statements made by him before or after the execution of this agreement, including any statements made pursuant to any prior agreement between Nicholas Infantino and this Office, or any leads from Nicholas Infantino's statements, should be suppressed under that prior agreement or under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), U.S.S.G. § 1B1.8, or otherwise.

Sentencing

The violation of 18 U.S.C. § 371 to which Nicholas Infantino agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of:  (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  The violation of 26 U.S.C. § 7201 to which Nicholas Infantino agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of:  (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  The sentence on

each count may run consecutively.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Nicholas Infantino is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the United States Sentencing Guidelines.  The sentencing judge may impose the maximum term of imprisonment and maximum fine that are consistent with the Sentencing Reform Act and the Sentencing Guidelines, up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  The United States Sentencing Guidelines may impose a minimum term of imprisonment and/or fine, and may authorize departure from the minimum and maximum penalties under certain circumstances.  This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to Nicholas Infantino, or as to what sentence Nicholas Infantino ultimately will receive.

Further, in addition to imposing any other penalty on Nicholas Infantino, the sentencing judge:  (1) will order Nicholas Infantino to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Nicholas Infantino to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Nicholas Infantino, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) may order Nicholas Infantino to pay the costs of prosecution; and (5) pursuant to 18 U.S.C. § 3583 and § 5D1.2 of the Sentencing Guidelines, may require Nicholas Infantino to serve a term of supervised release of at least two years and up to three years, which will begin at the expiration of any term of imprisonment imposed.  Should Nicholas Infantino be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Nicholas Infantino may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Nicholas Infantino agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense.  In furtherance of this agreement, Nicholas Infantino agrees to make all reasonable efforts to recover, through sale or otherwise, the approximately $230,000 in fraudulently-derived proceeds of the scheme that

Nicholas Infantino submitted toward the purchase of property located at 4 Ridge Road, Pompton Plains, New Jersey, in or about November 2002, and to immediately transfer the proceeds as partial restitution to the victims of his offense.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Nicholas Infantino by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise, including information provided by Nicholas Infantino before and after signing this agreement and protected by U.S.S.G. 1B1.8. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; (2) the full nature and extent of Nicholas Infantino's activities and relevant conduct with respect to this case; and (3) the full nature and extent of Nicholas Infantino's cooperation with this Office and when such cooperation commenced.

Stipulations

This Office and Nicholas Infantino agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Nicholas Infantino from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations

do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Nicholas Infantino waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255. Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement and Nicholas Infantino's cooperation to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Nicholas Infantino. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Nicholas Infantino.

Prior to the date of sentencing, Nicholas Infantino shall: (1) file accurate amended personal returns for calendar year 2002; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Nicholas Infantino agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Nicholas Infantino. With respect to disclosure of the criminal file to the Internal Revenue Service, Nicholas Infantino waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy

with respect to Nicholas Infantino's tax returns and return information.

This agreement constitutes the full and complete agreement between Nicholas Infantino and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: RACHAEL A. HILL
Assistant U.S. Attorney

APPROVED:

Counsel to the U.S. Attorney

       I have received this letter from my attorney, Arthur J. Abrams, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:

_____  Date: 6/21/4
Nicholas Infantino

_____  Date: 6/21/04
Arthur J. Abrams, Esq.

<u>Plea Agreement With Nicholas Infantino</u>

<u>Schedule A</u>

This Office and Nicholas Infantino agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.

<u>Fraud Count</u>

1. The applicable guideline is § 2B1.1. This guideline carries a Base Offense Level of 6.

2. The parties agree that the loss is more than $7 million and less than $20 million. Accordingly, the offense level is increased by 20 levels. § 2B1.1(b)(1)(K).

<u>Tax Count</u>

3. The applicable guideline is § 2T1.1. This guideline carries a Base Offense Level determined on the basis of the Tax Table contained in § 2T4.1.

4. The parties agree that the loss is more than $200,000 and less than $400,000. Accordingly, the Base Offense Level is 18. § 2T4.1(G).

5. Nicholas Infantino failed to report or to correctly identify the source of income exceeding $10,000 in a year from criminal activity. This results in an increase of 2 levels pursuant to § 2T1.1(b)(1).

<u>Generally Applicable Stipulations</u>

6. As of the date of this letter, Nicholas Infantino has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Nicholas Infantino's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Nicholas Infantino has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the court to allocate its resources efficiently. If the offense level is 16 or greater, Nicholas Infantino is entitled to an additional decrease of 1

level pursuant to U.S.S.G. § 3E1.1(b), unless Nicholas Infantino indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

8. The parties agree that there is no basis for any upward or downward departure or any upward or downward adjustment not set forth herein. Accordingly, neither party will seek or argue for any departure or adjustment not set forth herein.

9. Nicholas Infantino knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than 24. The United States will not file any appeal, motion, or writ that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or greater than 24. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. To the extent that any appeal, collateral attack, writ, or motion is barred by this paragraph, the parties agree that it should be dismissed.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.